PRESENT: Hassell, C.J., Keenan,[1] Koontz, Lemons, Goodwyn, and Millette, JJ., and Russell, S.J.

GENEV DENISE CLARK,
s/k/a GENEVA DENISE CLARK

                                          OPINION BY
v.          Record No. 091305        JUSTICE S. BERNARD GOODWYN
                                          April 15, 2010
COMMONWEALTH OF VIRGINIA

            FROM THE COURT OF APPEALS OF VIRGINIA

    In this appeal we consider whether a defendant's actions constitute an overt act intended to place a victim in fear or apprehension of bodily harm, and thus whether there was sufficient evidence to find the defendant guilty of assault.

                         Background

    Genev Denise Clark (Clark) was convicted in a bench trial in the Circuit Court of Henrico County of assaulting Carolyn M. Coleman (Coleman) in violation of Code § 18.2-57.  In a published opinion, the Court of Appeals affirmed the judgment of the circuit court.  Clark v. Commonwealth, 54 Va. App. 120, 676 S.E.2d 332 (2009) (en banc).  Clark appeals.

    Coleman was, at the time of these events, a school bus driver for Lakeside Elementary School.  On May 7, 2007, Clark's son caused a problem while riding on Coleman's bus.  As a result, Coleman asked the school administrators to prohibit

_____

    [1] Justice Keenan participated in the hearing and decision of this case prior to her retirement from the Court on March 12, 2010.

Clark's son from riding the school bus for a period of time and they did so.

The next day, at approximately 7 a.m., Coleman arrived at Lakeside Elementary School to "drop off" children at the school.  As on other mornings, Coleman's school bus was the first to arrive.  Coleman drove the school bus into the bus circle and, seeing a brown automobile parked in the circle, Coleman stopped directly behind it.  Other school buses came in behind her bus.  Susan Bernstein, who also serves as a bus driver for Lakeside Elementary School, testified that the parked vehicle, which was later identified as Clark's vehicle, "was blocking all of us from moving."  The bus circle is posted with signs indicating that the circle is reserved exclusively for buses.

As Coleman waited in the bus circle for someone from the school to meet the children she was "dropping off," she saw Clark and her son standing in the vicinity of the parked vehicle.  Coleman opened the bus door to let in a student who was waiting for the school to open and, while the bus door was still open, Clark approached the bus.  Bernstein testified that Clark came within two feet of the bus.  Clark said to Coleman, "I told you I'm going to get you, bitch, don't care, I don't care where you at, if you're on the school ground, if you're in the school, or you're in the grocery store [I'm going to]

2

[f]uck you up." Clark had her arms crossed and her lips pursed. Coleman shut the bus door and "called" for a supervisor and a police officer. Clark continued to stand outside the school bus and to curse, but left when the principal arrived.

Late in the afternoon of that same day, at approximately 4:20 p.m., Coleman drove her bus into the bus circle to pick up children participating in after-school activities at the elementary school. As Coleman opened the bus door, preparing to disembark, Clark approached the bus door and said, "Bitch, like I say, I'm going to get you." Coleman immediately shut the bus door, instead of exiting as planned. After Coleman shut the bus door, Clark stood outside the bus.

Clark was charged with assaulting Coleman in violation of Code § 18.2-57. At the close of the Commonwealth's evidence at trial, and again at the close of the defense's evidence, Clark moved to strike, contending that Clark's words were insufficient to constitute an assault and there was "no real physical action" by Clark. The circuit court overruled the motions, finding Clark guilty of assault. Clark appealed to the Court of Appeals.

In an unpublished opinion, the Court of Appeals reversed the judgment of the circuit court, concluding that the evidence was not sufficient to find Clark guilty of assault because her

3

behavior did not constitute an overt act in furtherance of an assault. Clark v. Commonwealth, Record No. 2656-07-2 (Dec. 23, 2008). Upon rehearing en banc, however, the Court of Appeals affirmed the circuit court's judgment. The Court of Appeals stated that Clark's behavior, when viewed in its totality, "constituted an overt act which was committed with the requisite intent and put Coleman in reasonable fear or apprehension of bodily harm," and held that the evidence was therefore sufficient to find Clark guilty of assault. Clark, 54 Va. App. at 134-35 & n.5, 676 S.E.2d at 339-40 & n.5.

## Analysis

Clark argues that the Court of Appeals erred in holding that the evidence was sufficient to find her guilty of assault. She argues that her actions in approaching Coleman's school bus, verbally threatening Coleman and returning to the bus later that day to deliver another threat did not constitute an overt act in furtherance of an assault. Clark argues that this Court has consistently held that words alone are insufficient to constitute an assault. Contending that her sole physical action was walking towards the school bus, Clark relies on Bennett v. Commonwealth, 35 Va. App. 442, 546 S.E.2d 209 (2001), to argue that threatening words coupled with the act of

walking towards the school bus do not support the holding that Clark engaged in an overt act for purposes of an assault.[2]

Responding, the Commonwealth contends that Clark, in relying on Bennett, fails to distinguish the conditional threats asserted in Bennett from Clark's unconditional threat and "the totality of the acts in which she engaged in this case." The Commonwealth urges this Court to view Clark's verbal threats in the context in which they were uttered and the actions associated with them. The Commonwealth claims that Clark's reappearance outside of Coleman's bus demonstrated Clark's intent to act on her earlier threat, and that there was sufficient evidence to find her guilty of assault.

When considering a challenge to the sufficiency of the evidence to sustain a conviction, this Court reviews "the evidence in the light most favorable to the prevailing party at trial and consider[s] all inferences fairly deducible from that evidence." Jones v. Commonwealth, 276 Va. 121, 124, 661 S.E.2d 412, 414 (2008). This Court will only reverse the judgment of the trial court if the judgment " 'is plainly wrong or without evidence to support it.' " Wilson v. Commonwealth, 272 Va. 19, 27, 630 S.E.2d 326, 330 (2006) (quoting Code § 8.01-680). "If

---

[2] Clark has not challenged whether the evidence sufficiently proved that she created a "reasonable fear or apprehension in the victim." Carter v. Commonwealth, 269 Va.

there is evidence to support the convictions, the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial." Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998).

The penalty for assault is set forth in Code § 18.2-57, but because the elements of assault are not statutorily defined, this Court must apply the common law definition. "At common law, assault was both a crime and a tort." Carter v. Commonwealth, 269 Va. 44, 46, 606 S.E.2d 839, 841 (2005). Specifically,

> [t]he common law crime of assault required an attempt or offer committed with an intent to inflict bodily harm coupled with the present ability to inflict such harm. The common law tort of assault could be completed if the tortfeasor engaged in actions intended to place the victim in fear of bodily harm and created a well-founded fear in the victim.

Id. (citation omitted).

Like many jurisdictions, Virginia has merged the common law crime with the common law tort of assault. Id. at 47, 606 S.E.2d at 841. Combining the criminal and tort elements, this Court has held that a common law assault "occurs when an assailant engages in an overt act intended to inflict bodily harm and has the present ability to inflict such harm or

---

44, 47, 606 S.E.2d 839, 841 (2005). Therefore, this Court will not consider this issue on appeal. Rule 5:17; Rule 5:25.

6

engages in an overt act intended to place the victim in fear or apprehension of bodily harm and creates such reasonable fear or apprehension in the victim." Id. Regarding the common law crime of assault, this Court has stated that because assault requires an overt act, words alone are never sufficient to constitute an assault. Harper v. Commonwealth, 196 Va. 723, 733, 85 S.E.2d 249, 255 (1955); see also Merritt v. Commonwealth, 164 Va. 653, 658, 180 S.E. 395, 397 (1935).

Clark relies heavily on the Court of Appeals' rationale in Bennett to support her position that she did not commit an assault. In Bennett, the police officers entered the defendant's home to investigate a "criminal complaint." 35 Va. App. at 446, 546 S.E.2d at 211. Upon seeing the officers, the defendant approached within inches of them, shouted profanities and stated that if they did not leave "it would be an 'F'ing blood bath." Id. at 446-47, 546 S.E.2d at 211. The defendant gestured with his hands while speaking, but did not physically threaten the officers. Id. at 447, 546 S.E.2d at 211. The Court of Appeals held that the evidence was insufficient to sustain a conviction for assault because the defendant, although he approached from 20 feet to within inches of two police officers, shouting profanities and insisting that they leave his house, "made no overt act or attempt to physically harm either officer." Id. at 449, 546 S.E.2d at 212.

7

The holding by the Court of Appeals in Bennett is not applicable to the factual circumstances in the instant case and it does not deal with the alternative recognized in Carter, that an assault may be proven by a defendant's actions that were intended to place the victim in fear of bodily harm and which created a well-founded fear in the victim.  As stated by the Court of Appeals in its opinion in this case, in Bennett the Court of Appeals made no distinction between the criminal and tort law definitions of assault and it analyzed the evidence only under the definition of assault requiring proof of an overt act "'accompanied with circumstances denoting an intention coupled with a present ability of using actual violence.'"  Clark, 54 Va. App. at 131, 676 S.E.2d at 338 (quoting Bennett, 35 Va. App. at 449, 546 S.E.2d at 212) (internal quotation marks omitted).  The Court of Appeals also noted in its opinion in this case that the evidence in the Bennett case proved that the threat Bennett made was a conditional one, and that the circumstances failed to support a finding that Bennett had either an actual intention to batter or a present ability to do so in the fashion he threatened. Id. at 131-32, 676 S.E.2d at 338.  We agree with the Court of Appeals that the circumstances in this case are legally and factually distinguishable from those present in the Bennett case.

The relevant question in this case is whether Clark committed an overt act with the intent to place Coleman in fear or apprehension of bodily harm. See Carter, 269 Va. at 46-47, 606 S.E.2d at 841. Words and prior conduct are highly relevant in shedding light on intent and the context within which certain actions transpired. A perpetrator's intent may be inferred from the nature of the overt act and the surrounding circumstances.

We must interpret Clark's reappearance outside of Coleman's school bus and her renewed threat, on the afternoon of May 8, in the context of Clark's previous statements and actions. Clark threatened to harm Coleman anywhere she could be found. Later, that same day, as Coleman was about to exit the school bus, Clark appeared outside of Coleman's opened bus door, saying, "I'm going to get you." Given Clark's previous threat to inflict bodily harm upon Coleman, her reappearance at a place where she had no explained reason for being, and her blocking Coleman's path of exit and her unconditional threat to "get" Coleman, Clark's act of approaching the bus could be understood as indicating a purpose to inflict bodily contact or injury upon Coleman. Therefore, there is sufficient evidence that Clark engaged in an overt act intended to place Coleman in fear or apprehension of bodily harm by approaching Coleman's bus that afternoon.

Viewing Clark's words and actions in the context of her earlier threat to Coleman, Clark's approach to the door of Coleman's bus on the afternoon of May 8 was an act sufficient to create a reasonable apprehension on the part of Coleman that she was about to be attacked.  The verbal threat made by Clark at that time was not an assault, but it is evidence of Clark's intent, by approaching her bus, to place Coleman in fear of bodily harm.

Thus, we hold that the Court of Appeals did not err when it held that there was sufficient evidence to support the circuit court's conviction of Clark for the crime of assault.

Conclusion

Accordingly, we will affirm the judgment of the Court of Appeals.

__Affirmed__.