COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Alston, McCullough and Huff
Argued at Alexandria, Virginia


JERRY WAYNE BEALE, JR.
                                                  MEMORANDUM OPINION[*] BY
v.      Record No. 2180-11-4                 JUDGE ROSSIE D. ALSTON, JR.
                                                     AUGUST 20, 2013
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Charles S. Sharp, Judge

Abram J. Pafford (Pafford, Lawrence & Childress PLLC, on
briefs), for appellant.

Susan M. Harris, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Jerry Wayne Beale ("appellant") appeals his conviction for assault of a law enforcement

officer, in violation of Code § 18.2-57.  On appeal, appellant contends that the trial court erred

by failing to "strike the Commonwealth's evidence as a matter of law by determining that

[appellant's] arrest was unlawful and that he could use reasonable force to repel such an arrest."

Appellant also contends that the trial court erred by refusing a proffered jury instruction that

correctly stated that a person subjected to an unlawful arrest has the right to use reasonable force

in self-defense.  Lastly, appellant alleges that the trial court erred by finding him guilty of assault

on a law enforcement officer because the evidence was insufficient to prove that he intended to

strike a law enforcement officer.  We find that appellant abandoned his first assignment of error

and, thus, we do not consider whether the trial court erred in failing to hold that appellant's arrest

was unlawful and that he was permitted to use reasonable force to repel his arrest.  In addition,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

because we find that the evidence did not support appellant's proffered jury instruction, we find that the trial court did not err in denying it. We also find that the evidence was sufficient to prove beyond a reasonable doubt that appellant acted with the necessary intent to cause bodily harm to a law enforcement officer, and we therefore affirm appellant's conviction.

BACKGROUND[1]

In the early morning hours of August 26, 2010, the Stafford County Sheriff's Office received a report of a stabbing at an apartment located at 3 Ringgold Road. Shortly after receiving the report, law enforcement officers began arriving at the address. Sergeant Robert Grella was one of the first officers on the scene, and was the scene supervisor as well. He described the 3 Ringgold Road property as a two-story "building that had a store on the bottom and then an apartment on the top." The property was located near a traffic light at the corner of White Oak Road and Ringgold Road, and the "building and its parking lot [were] visible" from the street.

In addition to being one of the first officers on the scene and the scene supervisor, Sergeant Grella was also the first officer to come in contact with appellant, who was in a vehicle in the Ringgold Road parking lot. Sergeant Grella approached appellant's vehicle, where appellant was "passed out" and had what appeared to be vomit on his clothing and beard. Sergeant Grella quickly determined that appellant had nothing do with the reported stabbing, but chose to speak with appellant to see "who he was and why he was there."

While speaking with appellant, Sergeant Grella observed the smell of alcohol coming from appellant's person. Sergeant Grella described appellant as "very lethargic and argumentative." Appellant informed Sergeant Grella that he owned the 3 Ringgold Road

---

[1] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

property and would like to stay the night on the ground floor property.  Sergeant Grella decided that in his "high[ly] intoxicated state," appellant "was [a] danger to himself" and for "his safety and the liability of the sheriff's office, he needed to have somebody come pick him up." Appellant agreed to call his wife to pick him up, and Sergeant Grella returned to the initial investigation, delegating responsibility for appellant to Deputy Duggins.

By the time Deputy Duggins approached appellant's car, appellant had passed out again. After Deputy Duggins roused appellant, appellant admitted that he had had "quite a bit" to drink. Deputy Duggins helped appellant look for his cell phone, and Deputy Duggins even offered to let appellant use his cell phone to call his wife, but appellant refused to provide Deputy Duggins with appellant's wife's phone number.

Over the course of the next thirty to forty minutes, Deputy Duggins and other law enforcement officers continued to check in with appellant and tried to arrange a ride home for him.  During one such interaction between appellant and Deputy Duggins, Sergeant Losiewski observed Deputy Duggins' body language and concluded that Deputy Duggins "was uncomfortable in the situation he was in."  Sergeant Losiewski approached appellant's car to investigate the situation.  "At that point . . . [Sergeant Losiewski] opened the passenger side door and [appellant] was in the center console moving around and the[] keys were in the ignition of the vehicle."  Concerned that appellant would attempt to drive off, Sergeant Losiewski ordered appellant out of his car and informed appellant that "[there was] no longer . . . a discussion about him getting a ride home" and that he was being placed under arrest.

Sergeant Losiewski and Deputy Duggins removed appellant from his car and instructed him to place his hands behind his back.  Appellant resisted the officers' instructions and demanded to know the law "that says that [he could not] be at [his] own place."  Sergeant

- 3 -

Losiewski repeated her instruction and warned appellant that he would be tased if he failed to comply. Appellant continued to resist, so Sergeant Losiewski deployed her taser.

Sergeant Grella was interviewing the witnesses who called in the initial police report when he heard the "loud pop" of Sergeant Losiewski's taser. He returned to the area where appellant's car was parked and observed Sergeant Losiewski and Deputy Duggins attempting to subdue appellant. The officers were attempting to handcuff appellant, and each officer held one of appellant's arms. Appellant continued to resist, and the officers looked like "rag dolls the way [appellant] was throwing them back and forth."

Sergeant Grella approached appellant and deployed his taser, striking appellant. The shock initially "brought [appellant] to his knees," but he managed to break one of the taser's leads and continued to resist the officers. Sergeant Grella re-administered his taser using a drive stun technique, "which is not actually shooting probes into somebody" but "using the weapon itself, placing it on the skin and . . . getting pain compliance." Even then, the officers "still had to wrestle [appellant's] arms back and get him into handcuffs."

After placing appellant in handcuffs, the officers pulled appellant to his feet and began walking toward a patrol car. As they were walking, appellant dropped to his knees and began complaining that he "had a heart condition and he wasn't feeling good." The officers laid appellant on his side and called dispatch requesting a "rescue unit."

As he was waiting for the rescue unit to arrive, Sergeant Grella decided to remove the taser probes from appellant's chest, "so that he wouldn't harm himself by rolling on them." As Sergeant Grella bent over appellant's chest, appellant said he was "going to kick [Sergeant Grella's] fucking teeth out," and he then "brought his feet up and . . . flailed them out to kick." Appellant's foot missed Sergeant Grella but struck Deputy Collins' arm.

Appellant was later indicted for assault and battery of a law enforcement officer, Deputy Collins, in violation of Code § 18.2-57, and simple assault of a law enforcement officer, Sergeant Grella, in violation of Code § 18.2-57.

Appellant was tried on October 25, 2011, and the law enforcement officers involved in his arrest testified consistent with the events described above. Following the Commonwealth's case-in-chief, appellant made a motion to strike. Appellant argued that the law enforcement officers had no authority to place him under arrest for public intoxication because he was not "in public" for purposes of Code § 18.2-388 when he was asleep in his car. In the alternative, appellant argued that the law enforcement officers lacked authority to place him under arrest because the offense did not occur in the officers' presence. Appellant asserted that Code § 19.2-81 permits warrantless arrests for misdemeanors only when the offense is committed in the officer's presence, and because his arrest occurred nearly forty minutes to an hour after Sergeant Grella first ascertained that appellant was intoxicated, the misdemeanor (i.e., public intoxication) did not occur in the officers' presence. Accordingly, appellant asked the trial court to find that he was not "in public" at the time of his arrest and requested that the trial court find, as a matter of law, that his arrest was unlawful. Finally, appellant asserted that the evidence was insufficient to prove appellant's intent to assault either Sergeant Grella or Deputy Duggins.

The trial court denied appellant's motion to strike. In the trial court's view, there was no evidence to suggest appellant's arrest was unlawful. The trial court rejected the suggestion that the officers' "delay[] in hopes of trying to resolve" the situation by means other than arresting appellant somehow made the arrest "unlawful or not ultimately supported by probable cause in the initial stages." Finally, the trial court found the evidence sufficient to raise a jury issue whether appellant's actions constituted an assault.

Appellant presented his defense and testified on his own behalf. Appellant admitted that he was intoxicated at the time of his arrest, but he denied resisting the officers prior to being tased. Appellant testified that when he exited his vehicle he asked "what did [he] do wrong, and why are you all putting me under arrest." According to appellant, the officers "told [him] they didn't have to have a reason, that [he] was under arrest." Sergeant Losiewski then "pulled her . . . taser and told [him] that she was going to shoot [him] with the taser," and, even though appellant placed his hands above his head, Sergeant Losiewski tased him. Appellant testified that after being tased, he pulled the taser leads from his chest and explained to the officers that he had congestive heart failure. According to appellant, the officers tased him at least two more times after he explained his heart condition.

Appellant denied any intent to kick Sergeant Grella. However, he did testify that he said "that if it weren't for the cuffs and all the badges and all that stuff, I would like to kick their [the officers'] teeth in."

Following his testimony, appellant proffered the following jury instruction[2]: "Instruction A: When an officer attempts an unlawful arrest, the officer is an aggressor which gives the arrestee the right to use self-defense to resist as long as the force used is reasonable." The trial court denied appellant's proffered instruction. The trial court stated, "I've ruled on your motion to strike and I found that the evidence was insufficient as a matter of law to constitute any finding that there was an illegal arrest. So these instructions I don't think are

_____

[2] Appellant also proffered a similar instruction (labeled Instruction B) that stated, "If you believe that the defendant was illegally detained by the law enforcement officer, then he is entitled to resist the detention with reasonable force[, and] [i]f you find the defendant resisted detention with reasonable force, you shall find the defendant not guilty." The trial court denied this instruction.

Appellant initially assigned error to the trial court's denial of Instruction B, but has since conceded that the instruction was an incorrect statement of law. See Appellant's R. Br. at 2 ("Based upon the arguments set forth in the Commonwealth's response brief, [appellant] is no longer contesting the trial court's denial of Instruction B."). Accordingly, we consider this issue waived and we will not consider whether the trial court erred in denying Instruction B.

appropriate." Following the denial of his instruction, appellant noted his objection to the trial court's ruling on Instruction A and renewed his motion to strike, which the trial court again denied.

Following closing arguments, the jury found appellant guilty of assault of Sergeant Grella but not guilty of assault and battery of Deputy Collins. The trial court sentenced appellant to six months' imprisonment.

This appeal followed.

## ANALYSIS

### A. Unlawful Arrest

In his petition for appeal, appellant assigned error to the trial court's failure to "strike the Commonwealth's evidence as a matter of law by determining that [appellant's] arrest was unlawful and that he could use reasonable force to repel such an arrest." Appellant neither briefed nor argued this assignment of error before this Court. Accordingly, "we must conclude that counsel made an affirmative, strategic decision to abandon th[is] issue[]." Andrews v. Commonwealth, 280 Va. 231, 253, 699 S.E.2d 237, 249 (2010). We therefore conclude that appellant has waived the right to assert the issue raised in this assignment of error, and we will not consider whether the trial court erred in finding, as a matter of law, that appellant's arrest was not unlawful. See Rule 5A:20(e) (requiring the opening brief include "the argument[,] including principles of law and authorities[,] relating to each assignment of error"); see also Mitchell v. Commonwealth, 60 Va. App. 349, 354-55, 727 S.E.2d 783, 786 (2012) ("[H]old[ing] that appellant has waived consideration of his argument under Rule 5A:20(e)."). Moreover, and for reasons addressed below, we find that appellant's abandonment of this issue is dispositive of his second assignment of error.

B.  Jury Instruction A

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (citation omitted).  In making this determination, we "'view the evidence with respect to the refused instruction in the light most favorable to [appellant].'" Hartigan v. Commonwealth, 31 Va. App. 243, 257, 522 S.E.2d 406, 412 (1999) (quoting Boone v. Commonwealth, 14 Va. App. 130, 131, 415 S.E.2d 250, 251 (1992)).

Where "credible evidence in the record supports a proffered instruction . . . , failure to give the instruction is reversible error."  Id.  However, "an instruction should not be given when there is no evidence tending to prove the facts upon which the instruction is based, for the reason that the tendency of such instruction is to mislead the jury by withdrawing their attention from the legitimate points involved in the issue." Wagner v. Fiery, 206 Va. 370, 373-74, 143 S.E.2d 876, 879 (1965).

On appeal, appellant asserts that "[t]here are at least two independent aspects of the record that reflect the requisite evidentiary support for the instructions requested by [appellant]." Appellant contends that the jury could have concluded from the evidence in the case that appellant's arrest was unlawful because the law enforcement officers either lacked "a legitimate basis to arrest [him] for public intoxication" or used excessive force in effecting his arrest.[3]  We reject both arguments.

_____

[3] While appellant discussed at trial the manner in which the law enforcement officers arrested appellant, in particular the officers' use of their tasers, he did not specifically argue at trial that the officers used excessive force.  More importantly, when the trial court denied his proffered jury instruction, appellant did not argue that the instruction was supported by evidence of excessive force.

Rule 5A:18 provides, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ."

In the instant case, the trial court determined, as a matter of law, that the arrest was not unlawful. As addressed above, appellant has waived any right to assert that judgment as a basis for reversing his conviction, and we consider the trial court's determination final. Moreover, because the trial court concluded that appellant's arrest was *not unlawful* (and that determination is not before us for review), we hold that the trial court did not err in denying appellant's proffered jury instruction, which stated that an arrestee has the right to use self-defense to resist *an unlawful arrest*. In finding that appellant's arrest was not unlawful as a matter of law, the trial court concluded that there was no evidence "to constitute any finding that there was an illegal arrest." When, as here, a "'[proffered jury] instruction is not applicable to the facts and circumstances of the case, it should not be given.'" Avent v. Commonwealth, 279 Va. 175, 202, 688 S.E.2d 244, 259 (2010) (quoting Commonwealth v. Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001)).

Appellant also contends that the trial court failed to evaluate the evidence in the light most favorable to appellant when the trial court relied on its previous ruling that appellant's arrest was not unlawful to deny the proffered jury instruction. Appellant argues that in denying the proffered instruction based on its earlier finding that his arrest was not unlawful,

> the trial court conflated two very different inquiries: the motion to strike, in which it was obligated to evaluate all evidence in the light most favorable to the Commonwealth, and the request by [appellant] for Instruction A . . . , which obligated the trial court to

See also Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010) ("A party must state the grounds for an objection so that the trial judge may understand the precise question or questions he is called upon to decide."); Andrews v. Commonwealth, 37 Va. App. 479, 493, 559 S.E.2d 401, 408 (2002) (noting that we will not consider on appeal an issue or argument that was not first raised in the trial court). Because appellant failed to raise the officers' alleged use of excessive force at trial, appellant waived this argument, and Rule 5A:18 bars this Court's consideration of the issue on appeal. Furthermore, appellant does not argue that we should invoke either the good cause or ends of justice exceptions to Rule 5A:18, and we will not consider the Rule 5A:18 exceptions *sua sponte*. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

evaluate all the evidence in the light most favorable to the requested instructions.

This argument is barred by Rule 5A:18.

Rule 5A:18 states, in part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." "The purpose of the rule is to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals." Andrews v. Commonwealth, 37 Va. App. 479, 493, 559 S.E.2d 401, 408 (2002) (citing Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*)). Applying Rule 5A:18, we have consistently held that we "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

In the instant case, appellant did not raise before the trial court the argument he presents on appeal. While appellant argued to the trial court that the evidence supported the proffered instruction, he did not argue the particular point that he argues now on appeal, to wit; that the trial court failed to view the evidence in the light most favorable to him while considering the appropriateness of the proffered instruction (or that the trial court incorrectly viewed the evidence in the Commonwealth's favor). Thus, the trial court did not have the opportunity to consider this issue, and Rule 5A:18 bars our consideration of it on appeal.

For these reasons, we hold that the trial court did not err in denying appellant's proffered jury instruction.

## C. Sufficiency of the Evidence

Appellant contends that the evidence was insufficient to prove beyond a reasonable doubt that he acted with the intent to cause bodily harm. In particular, appellant contends that the

kicking motion he made toward Sergeant Grella "was an involuntary or unconscious action not specifically designed to assault [Sergeant] Grella."

An

> assault "occurs when an assailant engages in an overt act intended to inflict bodily harm and has the present ability to inflict such harm or engages in an overt act intended to place the victim in fear or apprehension of bodily harm and creates such reasonable fear or apprehension in the victim."

Clark v. Commonwealth, 279 Va. 636, 641, 691 S.E.2d 786, 789 (2010) (quoting Carter v. Commonwealth, 269 Va. 44, 46, 606 S.E.2d 839, 841 (2005)).

> Like any other element of a crime, [intent] may be proved by circumstantial evidence, so long as such evidence excludes all reasonable hypothesis of innocence flowing from it. Circumstantial evidence of intent may include the conduct and statement of the alleged offender, and "the finder of fact may infer that [the defendant] intends the natural and probable consequences of his acts."

Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (*en banc*) (citation omitted).

When reviewing a challenge to the sufficiency of the evidence to support a conviction, this Court views the evidence in the light most favorable to the Commonwealth as the prevailing party below, granting to it all reasonable inferences drawn from that evidence. See Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).

From the evidence in the instant case, the jury could conclude that appellant intended to strike Sergeant Grella. The evidence adduced at trial established that as appellant was handcuffed and lying on the ground, Sergeant Grella bent down over appellant in order to remove the taser leads from appellant's chest. At that time, appellant told Sergeant Grella that he was "going to kick [his] fucking teeth out." See Clark, 279 Va. at 642, 691 S.E.2d at 789 (noting that "[w]ords . . . are highly relevant in shedding light on intent . . ."). Appellant then brought

his feet up and made a kicking motion, which missed Sergeant Grella but struck Deputy Collins. At trial, appellant denied any intent to strike or kick any law enforcement officer, but in convicting appellant of assault, the jury necessarily rejected his testimony. Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) ("The credibility of the witness and the weight accorded the evidence are matters solely for the factfinder who has the opportunity to see and hear the evidence as it is presented.").

Viewed in the light most favorable to the Commonwealth, we find the evidence was sufficient to prove that appellant intended to assault Sergeant Grella. Accordingly, we affirm appellant's conviction.

CONCLUSION

For these reasons, we find that the trial court did not err in denying appellant's proffered jury instruction and that the evidence was sufficient to convict appellant for assault of a law enforcement officer. Therefore, appellant's conviction is affirmed.

Affirmed.

McCullough, J., dissenting in part and concurring in part.

I join the majority's opinion in full with regard to part C. I respectfully disagree with the reasoning of the majority with regard to one issue in parts A and B: that appellant's abandonment of an assignment of error dealing with a motion to strike is dispositive of a distinct assignment of error dealing with jury instructions. Nevertheless, I would affirm on an alternative rationale.

Appellant included the following assignment of error in his petition for appeal: "The Trial Court erred when it did not strike the Commonwealth's evidence as a matter of law by determining that his arrest was unlawful and that he could use reasonable force to repel such an arrest." The majority correctly concludes that, by failing to brief (or even mention) this assignment of error in his current brief, appellant abandoned it.[4] I part company with the majority, however, when it concludes that "appellant's abandonment of this issue is dispositive of his second assignment of error." This second assignment of error is that "[t]he Trial Court erred by refusing jury instructions proffered by the defendant which correctly stated that a person subjected to an unlawful arrest has the right to use reasonable force in self-defense."

The abandoned assignment of error dealt with whether the trial court should have granted a motion to strike the evidence, *i.e.* whether, as a matter of law, the case should *not* have gone to the jury. Appellant's remaining assignment of error relating to the self-defense instruction accepts that the case *was* submitted to the jury, but addresses, in appellant's view, how that jury should have been instructed. The purpose of a motion to strike differs from the purpose of a proffered jury instruction, and the standards governing these two motions differ. A motion to

---

[4] This observation is not intended as an implied criticism of appellate counsel. The "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting Jones v. Barnes, 463 U.S. 745, 751-52 (1983)).

- 13 -

strike tests the legal sufficiency of the evidence, see Rule 3A:15, whereas a jury instruction is proffered to ensure the jury is fully instructed on applicable legal principles. Moreover, in ruling on a defendant's motion to strike the Commonwealth's evidence, a trial court must view that evidence in the light most favorable to the Commonwealth. Cirios v. Commonwealth, 7 Va. App. 292, 298, 373 S.E.2d 164, 167 (1988). With jury instructions, the opposite is true: an instruction must be given if it represents a correct statement of the law and if it is supported by more than a scintilla of evidence. See, e.g., Commonwealth v. Cary, 271 Va. 87, 100, 623 S.E.2d 906, 913 (2006).

By abandoning the assignment of error directed at whether the court erred in denying appellant's motion to strike, he has not conceded the correctness of the trial court's conclusion that the evidence did not support his proffered self-defense instruction. In short, his second assignment of error is not defaulted. The Supreme Court has held that, where the record adequately supports the instruction, and the instruction is a correct statement of the law, the "proffer of a correct instruction . . . is sufficient to preserve for appeal the question whether the trial court erred in refusing that instruction." Id. at 98, 623 S.E.2d at 912.

The majority and the Commonwealth agree that tendered Instruction A constitutes a correct statement of the law. Therefore, the remaining question is whether the record supports the granting of the instruction.

Appellant was arrested for being drunk in public under Code § 18.2-388. That statute makes it a Class 4 misdemeanor for "any person . . . [to be] intoxicated in public, whether such intoxication results from alcohol, narcotic drug or other intoxicant or drug of whatever nature." First, there is no dispute that appellant was drunk. He admitted so himself. He stated on cross-examination, "I was drunk." He admitted he had had "quite a bit to drink." Second, the facts were undisputed that appellant was seated in his SUV in front of an empty or vacant store.

Appellant acknowledged that other people could see him, a fact consistent with the officers' testimony. For purposes of the drunk in public statute, we have defined the term "in public" to mean "a place in open view, visible to the community." Crislip v. Commonwealth, 37 Va. App. 66, 71, 554 S.E.2d 96, 98 (2001).

Finally, and significantly, an arrest is lawful if it is made with probable cause. Probable cause is a "commonsense, nontechnical conception[] that deal[s] with 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" Ornelas v. United States, 517 U.S. 690, 695 (1996) (quoting Illinois v. Gates, 462 U.S. 213, 231 (1983)) (internal quotation marks omitted). Generally speaking, "probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, . . . warrant a person of reasonable caution to believe that an offense has been or is being committed." Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981). Although probable cause demands "more than a mere suspicion, . . . evidence sufficient to convict is not required." Taylor v. Waters, 81 F.3d 429, 434 (4th Cir. 1996). Indeed, probable cause "does not demand any showing that such a belief be correct or more likely true than false." Texas v. Brown, 460 U.S. 730, 742 (1983). This means that an officer need not "resolve every doubt about a suspect's guilt before probable cause is established." Torchinsky v. Siwinski, 942 F.2d 257, 264 (4th Cir. 1991). Finally, the "arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." Devenpeck v. Alford, 543 U.S. 146, 153 (2004).

Based on all of the evidence presented at trial and the applicable standard for making a lawful arrest, the trial court correctly ruled that there was no basis upon which to submit a wrongful arrest instruction to the jury. The Commonwealth's evidence and appellant's own

- 15 -

testimony establishes that the police had probable cause to arrest appellant for being drunk in public.

Virginia precedent firmly establishes the right to resist an unlawful arrest, see, e.g., Brown v. Commonwealth, 27 Va. App. 111, 116-17, 497 S.E.2d 527, 529-30 (1998). However, our case law does not articulate with precision the roles of judge and jury when a defendant alleges he properly resisted an arrest because the arrest was unlawful, *i.e.,* what constitutes a threshold legal question reserved for the trial court and what, if anything, the jury must be allowed to decide. We need not draw that line here, however, because, at the time appellant proffered the instruction to the trial court, there was no conceivable basis upon which to submit it to the jury.[5]

The explanation offered by the defense at trial for the unlawful arrest instruction was that the officers did not immediately arrest appellant, and instead arrested him between half an hour to forty-five minutes after they arrived at the scene. The defense further noted that the first officers at the scene decided not to arrest and that another officer made the decision to arrest only after appellant could not locate his keys. In other words, the defense argued that some officers would have exercised their discretion not to arrest, and another officer purportedly made the decision to arrest based on an extraneous factor: the inability of appellant to locate his keys. None of this has anything to do with the lawfulness of the arrest under settled law, which turns on the existence of probable cause to arrest for a particular crime. As the majority correctly points out, "an instruction should not be given when there is no evidence tending to prove the facts upon which the instruction is based." Wagner, 206 Va. at 373-74, 143 S.E.2d at 879. Accordingly, I would affirm the judgment below, but under a different rationale.

---

[5] I agree with the majority's conclusions that appellant did not argue below that his arrest was made with excessive force and that, accordingly, that argument is procedurally defaulted under Rule 5A:18.