UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Chafin and O'Brien
Argued at Norfolk, Virginia

HENRY H. RUSSELL, JR.

MEMORANDUM OPINION[*] BY
v.        Record No. 2165-14-1        JUDGE TERESA M. CHAFIN
                                       NOVEMBER 24, 2015

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James C. Hawks, Judge

W. McMillan Powers, Assistant Public Defender, for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Henry Russell, Jr. ("appellant") was convicted in a bench trial of grand larceny in violation

of Code § 18.2-95 and larceny with the intent to sell in violation of Code § 18.2-108.01(A).  On

appeal, appellant contends that (1) the evidence was insufficient to prove the property removed

was that of his sister, Beverly Gray; and (2) the evidence was insufficient to prove that appellant

lacked permission to take the personal property from the house.  For the reasons stated below, we

reverse the circuit court's decision.

I.  Background

When the sufficiency of evidence is challenged on appeal, this Court views the evidence

in the light most favorable to the Commonwealth, the prevailing party at trial, and draws all

reasonable inferences in the Commonwealth's favor from the facts proved.  See Clark v.

Commonwealth, 279 Va. 636, 640-41, 691 S.E.2d 786, 788 (2010).  We must affirm the

judgment of the trial court unless that judgment is "plainly wrong or without evidence to support

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

it." Id. at 640, 691 S.E.2d at 788. Such deference applies not only to the historical facts, but to the inferences from those facts as well. "The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact." Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991).

In reviewing a sufficiency challenge, "[a]n appellate court does not 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.' Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

The evidence adduced at trial established that appellant and his two sisters, Sharon Crump-Russell and Beverly Gray, jointly inherited a house and its furnishings from their parents. Sharon had power of attorney for Beverly, who was ill and died prior to trial. The three siblings lived together in the house.

At some point between June 1 and September 3, 2013, Sharon noticed that some items were missing from the house. Sharon filed a report with the police on September 3, 2013 on Beverly's behalf. She also notified the insurance company. Detective Gaddow met with Sharon a week later. Sharon brought paperwork regarding several checks she believed were forged on Beverly's checking account.[1]

---

[1] The trial court struck 33 charges related to check fraud. These charges are not the subject of this appeal.

Detective Gaddow then met with appellant. Appellant voluntarily spoke with the detective. Appellant admitted that the house was, by that point, only titled in Beverly's name. Appellant indicated that he took and sold furniture, an armoire, crystal figures, clothing, a desk, and a couch, from the house without Beverly's knowledge. Appellant received approximately $600 from selling the items. Twice during the interview appellant asked if he was in trouble and indicated that he had a drug problem.

At trial, appellant moved to strike the Commonwealth's case after the Commonwealth rested and renewed the motion after the defense did not put on any evidence. Appellant's basis for the motion to strike was that the evidence failed to show appellant did not have permission to take or sell the property. As the trial court properly noted, "If they had given permission, they would have known. The implication is he sold it without their knowledge and without their permission." Appellant also argued it was not clear whose property appellant sold. In overruling the motion to strike the court ruled

> I interpreted her testimony to be that the furniture in the house was acquired by the three children and that items of furniture in the home while she was in the hospital went missing, [Sharon] filed a report with the police, the defendant has now admitted taking items, he itemized them, and selling them . . . the motion to strike the evidence is overruled.

Appellant renewed his motion to strike at the sentencing hearing, arguing that he could not have stolen something in which he had a proprietary interest. The trial court again overruled the motion. This appeal followed.

## II. Analysis

First, appellant contends that the Commonwealth failed to establish that appellant took property that belonged to only Beverly Gray, as alleged in the indictment. Appellant claims that

- 3 -

the only evidence adduced at trial is that Sharon, Beverly, and appellant jointly owned the property. As such, appellant could not be guilty of larceny. We agree with appellant.

Code § 18.2-95 states "Any person who . . . commits simple larceny not from the person of another of goods or chattels of the value of $200 or more . . . shall be guilty of grand larceny . . . ." Code § 18.2-108.01(A) prohibits committing grand larceny with the intent to sell the stolen property.

"In Virginia, larceny is a common law crime," and larcenous intent "may, and often must, be inferred from that person's conduct and statements." McEachern v. Commonwealth, 52 Va. App. 679, 684, 667 S.E.2d 343, 345 (2008) (citation omitted). "To be sure, 'there is not one case in a hundred where the felonious intent in the original taking can be proved by direct evidence. From the nature of the case, intent, generally, must be inferred from circumstances.'" Id. (quoting Skeeter v. Commonwealth, 217 Va. 722, 726, 232 S.E.2d 756, 759 (1977)). Absent countervailing evidence of an intention otherwise, "the wrongful taking of the property in itself imports the *animus furandi*." Id. at 685, 667 S.E.2d at 346 (citation omitted). "In other words, the very existence of a trespassory taking permits the inference (unless other circumstances negate it) that the taker intended to steal the property." Id. (citation omitted). Except as modified by statute, see, e.g., Code § 18.2-192, only tangible personal property may be the subject of larceny. Owolabi v. Commonwealth, 16 Va. App. 78, 80-81, 428 S.E.2d 14, 15 (1993).

The Commonwealth infers that because appellant took and sold items from the house, which he admitted was only in Beverly's name, appellant had the intent to permanently deprive Beverly of her property rights. The Commonwealth's reliance on the fact that the house was only in Beverly's name is misplaced. If, as the evidence suggests, only Beverly's name was on the title to the house, it is of little consequence to this appeal. Sharon Crump-Russell's testimony

established, and the trial court found, that appellant was a co-owner of the personal property that was taken from inside the house.

As a co-owner of the personal property, appellant had the "right to possess, use and enjoy the common property," City of Richmond v. Suntrust Bank, 283 Va. 439, 443, 722 S.E.2d 268, 271 (2012) (quoting Graham v. Pierce, 60 Va. (19 Gratt.) 28, 38 (1869)), and thus, it was impossible for him to steal the property from Beverly. At common law, "one co-owner (e.g., a partner, tenant in common, joint tenant) cannot steal from the other co-owner." Wayne R. LaFave & Austin W. Scott, Jr., Criminal Law § 8.4(c), at 720 (2d ed. 1986). See People v. Zimbelman, 572 P.2d 830, 832 (Colo. 1977) ("A co-owner of property cannot ordinarily be guilty of theft of that property.").

In this case, the trial court found that appellant jointly owned the personal property in the house with his sisters. Although appellant's sisters could have brought a civil claim against appellant for taking jointly owned property, a criminal conviction for grand larceny and for larceny with the intent to sell on these facts was improper. Therefore, the convictions are reversed and dismissed. As such, we do not reach appellant's second assignment of error on the question of whether appellant lacked permission to take and sell the items in the house.

Reversed.