COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Fulton, Ortiz and Senior Judge Petty
Argued at Lexington, Virginia


DARIEN ANTHONY EWELL

MEMORANDUM OPINION* BY
v.       Record No. 1185-21-3              JUDGE JUNIUS P. FULTON, III
NOVEMBER 9, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James J. Reynolds, Judge

Jason S. Eisner for appellant.

Mason D. Williams, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


The trial court convicted Darien Anthony Ewell of assault and battery of a law enforcement

officer and sentenced him to five years' incarceration with two years suspended.[1]  On appeal, he

challenges the sufficiency of the evidence to support his conviction.  For the following reasons, we

affirm the trial court's judgment.

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court."  *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  Doing so requires us to "discard the

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The trial court also convicted Ewell of possession of a firearm by a convicted felon,
misdemeanor destruction of property, brandishing a firearm, identity theft to avoid arrest,
shoplifting, and obstruction of justice.  Ewell did not appeal those convictions.

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 323-24 (2018)).

On May 20, 2021, Noah Pruitt was working as a loss prevention officer for Walmart when he noticed Ewell "putting a lot of large items into a cart and . . . exhibiting [the] mannerism[s] of a shoplifter." After calling the police, Pruitt saw Ewell walk "to a self-checkout register" and "ring up" some, but not all, of the items in his cart. Pruitt unsuccessfully tried to stop Ewell as he walked toward the store's exit.

Danville Police Officer Pickeral responded to Pruitt's call and arrived in time to stop Ewell as he was exiting the store. Ewell accompanied Officer Pickeral and Pruitt to the loss prevention office to compare the items in his cart with those on his receipt. Once in the office, Ewell provided a false name and identifying information but admitted that he intended to steal "pretty much the whole cart." Officer Pickeral went to his patrol car to verify Ewell's identity but returned moments later and asked Ewell for his "real name." Ewell was "uncooperative" and insisted that he had provided his true identity.

Officer Pickeral asked Ewell to stand and place his hands behind his back, but Ewell resisted; he "became combative" and "tried to escape" the room through the door. Ewell swung his "hands back and forth," striking Officer Pickeral's chest, side, and shoulder. Ewell also "grabb[ed]" Officer Pickeral to maneuver his way past him. During the ensuing struggle, which was recorded on the store's surveillance video, Ewell pushed and shoved Officer Pickeral as he tried to open the door two or three times; they bumped into the light switch, darkening the room. Multiple times during the conflict, Ewell told Officer Pickeral "get off me man." At one point, Ewell wrestled Officer Pickeral onto the ground. When Officer Pickeral regained his feet and separated from Ewell, Pruitt noticed that Ewell had a gun in his hand. After Pruitt yelled, "He's got a gun," Officer Pickeral drew his firearm and ordered that Ewell "drop the weapon." Ewell "dropped the gun

immediately," and Pruitt retrieved it and placed it on a desk. Officer Pickeral ordered Ewell to the ground and handcuffed him. Officer Pickeral sustained a "small tear" in his rotator cuff during the struggle and missed a week of work.

At trial, Ewell admitted that he had been shoplifting at Walmart and had given Officer Pickeral a false name. Ewell testified that he never intended to "harm" or "assault" Officer Pickeral but was trying only "to get out the door." Ewell claimed that Officer Pickeral "grabbed" him and his gun "fell out of [his] shorts." Ewell retrieved his gun and "tried to hide it," but Officer Pickeral saw it before he could do so. Ewell denied that he had punched or purposely struck Officer Pickeral.[2]

Ewell moved to strike at the close of the Commonwealth's case-in-chief and at the close of all the evidence; the trial court denied both motions. After further argument by counsel, the trial court convicted Ewell of assault and battery of a law enforcement officer. The court found that although Ewell's "ultimate goal" was to escape the room, he had assaulted Officer Pickeral to achieve that end. Ewell appeals.

## ANALYSIS

Ewell argues that the evidence was insufficient to sustain his conviction for assault and battery of a law enforcement officer because he "was only trying to leave the room" and "any contact" with Officer Pickeral was "incidental." He maintains that he did not commit "any intentional act" to strike Officer Pickeral and there was "no evidence" that any of his conduct was "rude, insolent, or angry" or "done with an intention to do bodily harm."

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support

---

[2] Although Ewell acknowledges that he used force against Officer Pickeral in attempting his escape, he contends he lacked the intent to batter. It is the evidence of Ewell's intent that is at issue in this appeal.

it.'" *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). In such cases, "this Court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Williams*, 278 Va. at 193 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

Furthermore,

> [o]ur deference . . . is not limited to matters of witness credibility. We owe deference to the trial court's interpretation of all of the evidence, including video evidence that we are able to observe much as the trial court did. Such deference stems not from the trial court being in a superior position to view the video evidence but from the difference in our respective roles. As factfinder, a trial court views video and other evidence to determine what it believes happened; we, on appellate review, view video evidence not to determine what we think happened, but for the limited purpose of determining whether any rational factfinder could have viewed it as the trial court did.

*Meade v. Commonwealth*, 74 Va. App. 796, 806 (2022). "It is likewise within the province of the trier of fact to draw inferences from the proven evidence, and its inferences are binding so long as they are reasonable and justified." *Lucas v. Commonwealth*, 75 Va. App. 334, 343 (2022) (citing *Commonwealth v. Hudson*, 265 Va. 505, 514 (2003)).

"[I]f any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is . . . a law-enforcement officer . . . , such person is guilty of a Class 6 felony." Code § 18.2-57(C). "Code § 18.2-57 does not define assault or

- 4 -

battery," however, so "we must look to the common law definition of the terms." *Parish v. Commonwealth*, 56 Va. App. 324, 329 (2010) (citing *Clark v. Commonwealth*, 279 Va. 636, 641 (2010)); *see also Montague v. Commonwealth*, 278 Va. 532, 541 (2010) ("Assault and battery are common law crimes."). "To sustain a conviction for assault, the Commonwealth must prove 'an attempt or offer, with force and violence, to do some bodily hurt to another.'" *Parish*, 56 Va. App. at 329 (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 468 (2000)). "The attempt or offer to do bodily harm 'occurs when an assailant engages in an overt act intended to inflict bodily harm [while he] has the present ability to inflict such harm.'" *Id.* at 329-30 (alteration in original) (quoting *Clark*, 279 Va. at 641). "To sustain a conviction for battery, the Commonwealth must prove a 'wil[l]ful or unlawful touching' of another." *Id.* at 330 (alteration in original) (quoting *Wood v. Commonwealth*, 149 Va. 401, 404 (1927)). "Whether a touching is a battery, depends on the intent of the actor, not on the force applied." *Adams*, 33 Va. App. at 469.

"One cannot be convicted of assault and battery 'without an intention to do bodily harm—either an actual intention or an intention imputed by law,'" including by commission of a reckless act. *Id.* at 468 (quoting *Davis v. Commonwealth*, 150 Va. 611, 617 (1928)). "'Intent is the purpose formed in a person's mind and may, like any other fact, be shown by circumstances,' including the 'words or conduct' of the alleged offender." *Secret v. Commonwealth*, 296 Va. 204, 228-29 (2018) (quoting *Commonwealth v. Herring*, 288 Va. 59, 75 (2014)). Indeed, "[w]ords and prior conduct are highly relevant in shedding light on intent and the context within which certain actions transpired. A perpetrator's intent may be inferred from the nature of the overt act and the surrounding circumstances." *Parish*, 56 Va. App. at 331 (quoting *Clark*, 279 Va. at 642). Moreover, the intent necessary to sustain an assault and battery conviction "may be imputed if the touching is 'done in a rude, insolent, or angry manner.'" *Id.* (quoting *Adams*, 33

Va. App. at 469). A fact finder's "decision on the question of intent is afforded great deference on appeal and will not be reversed unless clearly erroneous." *Towler v. Commonwealth*, 59 Va. App. 284, 297 (2011) (citing *Robertson v. Commonwealth*, 18 Va. App. 635, 639 (1994)).

When Officer Pickeral attempted to arrest Ewell, Ewell "became combative" and "tried to escape." After Officer Pickeral blocked Ewell's escape from the room, Ewell swung his "hands back and forth," striking Officer Pickeral's chest, side, and shoulder. Ewell then "grabb[ed]" Officer Pickeral and tried to push past him. During the ensuing, nearly minute-long struggle, Ewell told Officer Pickeral to "get off" of him, pushed Officer Pickeral, and wrestled him to the floor. The struggle with Ewell caused a "small tear" in Officer Pickeral's rotator cuff. *See Montague*, 278 Va. at 541 (affirming a defendant's assault and battery against a law enforcement officer conviction when he tried "to prevent the officers from taking him into custody" by "pushing" and "striking [one officer] in the chest with an elbow").

Although Ewell denied that he intended to strike or harm Officer Pickeral, it is well-established that a fact finder "is entitled to disbelieve the self-serving testimony of the accused and to conclude that [he] is lying to conceal his guilt." *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998). Moreover, a "fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts." *Robertson v. Commonwealth*, 31 Va. App. 814, 820 (2000). Here, the trial court weighed Ewell's testimony against the evidence as a whole, including video evidence of Ewell's physical actions, testimony about his demeanor and attitude, and evidence of injury to Officer Pickeral, and found that Ewell intended to assault Officer Pickeral as he attempted to escape the room. That factual conclusion is neither plainly wrong nor without evidentiary support, so we will not disturb it on appeal. Thus, the Commonwealth's evidence was competent, not inherently incredible, and sufficient to sustain Ewell's conviction for assault and battery of a law enforcement officer.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*