COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, McClanahan and Senior Judge Willis
Argued at Salem, Virginia


RICKY NELSON GILBERT
                                                                OPINION BY
v.        Record No. 1876-03-3                    JUDGE JERE M. H. WILLIS, JR.
                                                                FEBRUARY 8, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Michael L. Moore, Judge

    Nicholas Compton (Compton & Compton, P.C., on brief), for
    appellant.

    Michael T. Judge, Assistant Attorney General (Jerry W. Kilgore,
    Attorney General, on brief), for appellee.


On appeal from his conviction of assault and battery on a law enforcement officer in

violation of Code § 18.2-57(C), Ricky Nelson Gilbert contends the trial court erred in finding the

evidence sufficient to support the conviction. He argues the Commonwealth failed to prove that he

intended to harm the officer. We affirm the judgment of the trial court.

## BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

On July 25, 2002, Officer Tony Davis stopped a vehicle in which Gilbert was a

passenger. While Davis spoke with the driver outside the car, Gilbert exited the vehicle and

approached the officer. Davis observed that Gilbert was intoxicated and advised Gilbert he was

going to arrest him for public drunkenness. Gilbert cursed Davis and stated he would not go

with him. Officer James Fletcher arrived on the scene. Gilbert refused to go with Davis but agreed to ride with Fletcher. Fletcher placed Gilbert in the front seat of his police cruiser and began driving to the police station. Davis followed in his vehicle.

En route to the police station, Gilbert became unruly. Fletcher stopped the car, removed Gilbert from the vehicle and placed shackles on his legs. Fletcher asked Davis to ride in the back of the car. The officers returned Gilbert to the front seat of Fletcher's car. As they proceeded, Gilbert suddenly turned and spat on Fletcher's head. Davis placed his hand over Gilbert's mouth. Gilbert attempted to bite or spit through Davis's glove. He threatened to kill both officers and their families. Fletcher testified that before Gilbert spat on him, he observed Gilbert "working his mouth around like he was working slobber up in his mouth."

ANALYSIS

Gilbert contends the Commonwealth failed to demonstrate he intended to inflict bodily harm and that spitting on Officer Fletcher was merely his "way of showing his dissatisfaction with the situation."

In pertinent part, Code § 18.2-57(C) provides:

> [I]f any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is a law-enforcement officer . . . engaged in the performance of his public duties as such, such person shall be guilty of a Class 6 felony . . . .

At common law, any touching "in anger, without lawful provocation," however slight, including "spitting in a man's face," was sufficient to support a battery conviction. Hardy v. Commonwealth, 58 Va. (17 Gratt.) 592, 601 (1867).[1] "[T]he slightest touching of another . . . if

---

[1] Numerous jurisdictions have also concluded that spitting upon another, even without inflicting an injury, constitutes an assault and battery. See, e.g., United States v. Masel, 563 F.2d 322 (7th Cir. 1977) (spitting on a senator constitutes a battery, no more severe injury need be intended); United States v. Frizzi, 491 F.2d 1231 (1st Cir. 1974) (spitting in the face of a mail carrier, without the infliction of a bodily injury, constitutes a "forcible assault"); Ray v. United

done in a rude, insolent or angry manner, constitutes a battery for which the law affords redress." Crosswhite v. Barnes, 139 Va. 471, 477, 124 S.E. 242, 244 (1924) (citation omitted); see also Adams v. Commonwealth, 33 Va. App. 463, 469, 534 S.E.2d 347, 350 (2000).  The term "battery" possesses "a long history of definition by" the courts, and therefore, it "carr[ies] [its] historical construction" when used by the General Assembly in a statute.  Quintana v. Commonwealth, 224 Va. 127, 140, 295 S.E.2d 643, 649 (1982).  "In Virginia, it is abundantly clear that a perpetrator need not inflict a physical injury to commit a battery."  Adams, 33 Va. App. at 469, 534 S.E.2d at 351.

Gilbert correctly notes that a person cannot be convicted of assault and battery "'without an intention to do bodily harm — either an actual intention or an intention imputed by law.'" Davis v. Commonwealth, 150 Va. 611, 617, 143 S.E. 641, 643 (1928).  However,

> [p]roving intent by direct evidence often is impossible.  Like any other element of a crime, it may be proved by circumstantial evidence, as long as such evidence excludes all reasonable hypotheses of innocence flowing from it.  Circumstantial evidence of intent may include the conduct and statements of the alleged offender, and "[t]he finder of fact may infer that [he] intends the natural and probable consequences of his acts."

Adams, 33 Va. App. at 470-71, 534 S.E.2d at 351 (quoting Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (en banc)) (other citations omitted).

In spitting on Officer Fletcher, Gilbert committed an act that involved physical contact and was deeply offensive.  Thus, it constituted an infliction of bodily harm.  The circumstances abundantly support the trial court's finding that the act was committed in a rude, insolent or angry manner.

---

States, 575 A.2d 1196 (D.C. App. 1990) (spitting in the face of a police officer is sufficient to support a conviction, even though the act is merely offensive); People v. Peck, 633 N.E.2d 222 (Ill. App. 1994) (spitting in the face of a police officer constitutes aggravated battery); People v. Terry, 553 N.W.2d 23 (Mich. App. 1996) (spitting on another, even without physical injury, constitutes a battery).

When Officer Davis first encountered Gilbert, Gilbert refused to comply with the officer's orders and cursed him. When Davis handcuffed Gilbert, Gilbert threatened to "stomp" him. Gilbert became violent in Fletcher's vehicle, kicking the dashboard and screaming. Before spitting on Fletcher, Gilbert remarked that the officer "would never live to see another snowfall." Davis testified that Gilbert repeatedly threatened to kill the officers and their families. Fletcher confirmed that Gilbert threatened to kill him before and after spitting on him.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>