COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Elder and Beales
Argued at Alexandria, Virginia


DAVID HENRY DETERMAN

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1458-06-4              JUDGE RANDOLPH A. BEALES
                                                    AUGUST 21, 2007
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                                H. Harrison Braxton, Jr., Judge

                    Mark S. Gardner (Muriel-Theresa Pitney; Gardner, Maupin,
                    Sutton & Haney, P.C., on brief), for appellant.

                    Benjamin H. Katz, Assistant Attorney General (Robert F.
                    McDonnell, Attorney General, on brief), for appellee.


        A jury convicted David Henry Determan (appellant) of assault and battery on a

law-enforcement officer and indecent exposure.  Appellant, who urinated on a law-enforcement

officer, challenges the sufficiency of the evidence to support the assault and battery conviction.

For the reasons that follow, we affirm.

                                        BACKGROUND

        In the evening hours of June 17, 2005, appellant was arrested and charged with being

drunk in public.  Upon his release from the magistrate's office in Fredericksburg, Officer

Rasheed Thornton took custody of appellant and prepared him for transport to the Rappahannock

Regional Jail.  Thornton seated appellant approximately three feet diagonally behind the driver's

seat in the first bench of the jail's transport van and restrained appellant by fitting him with "a

waist chain which has the handcuffs on each side" and anklets.  Appellant could move his hands

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

in tandem despite the restraints. Thornton recalled that appellant was coherent, remained cooperative, and followed all of his instructions while preparing for transport.

While Thornton was driving the van, he "felt some water on [his person]." Thornton recalled that he "cut the dome light on and turned around and seen [sic] [appellant] with his penis in his hands, urinating directly onto me and the steering wheel and dashboard." Thornton "asked him what he [was] doing, and he said pissing." Appellant urinated on Thornton's right arm, the steering wheel, dashboard, and on paperwork Thornton had placed in the middle of the console. Thornton explained that since "there was really nothing [he] could do," he continued to the jail. Thornton recalled that appellant did not need assistance and did not encounter any difficulties exiting the van.

Appellant testified that while in the van, he told Thornton that he needed to use the bathroom. According to appellant, Thornton did not respond, and appellant "figured he just didn't hear me." When appellant reached the point where he could no longer hold out, he "did the best [he] could in the position [he] was to try and urinate towards the side door." Appellant said he "was trying to urinate away from everybody and everything as much as possible."

A jury convicted appellant of assault and battery on a law-enforcement officer and indecent exposure. The jury sentenced appellant to twelve months imprisonment for the assault and battery charge and a $200 fine for the indecent exposure charge. The trial court imposed these sentences without modification.

## ANALYSIS

Appellant challenges the sufficiency of the evidence to sustain his conviction for assault and battery on a law-enforcement officer. Specifically, appellant contends the trial court erred in overruling both his motion to strike and motion to dismiss, as he claims that the evidence does not prove he intended to urinate on Officer Thornton.

Code § 8.01-680 reads, "When a case, civil or criminal, is tried by a jury . . . the judgment of the trial court shall not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it." When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). Instead, "'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc)* (quoting Jackson, 443 U.S. at 319). Finally, we recognize, "It is the province of the jury to evaluate the credibility of witnesses." Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).

Code § 18.2-57(C) states: "If any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is a law-enforcement officer . . . engaged in the performance of his public duties as such, such person shall be guilty of a Class 6 felony . . . ." "A battery is an unlawful touching of another. It is not necessary that the touching result in injury to the person. Whether a touching is a battery depends on the intent of the actor, not on the force applied." Adams v. Commonwealth, 33 Va. App. 463, 468, 534 S.E.2d 347, 350 (2000).

Whether or not a criminal defendant possessed the requisite *mens rea* "presents a factual question which lies peculiarly within the province of the jury." Hughes v. Commonwealth, 18 Va. App. 510, 519, 446 S.E.2d 451, 457 (1994) (*en banc*) (quoting Ingram v. Commonwealth, 192 Va. 794, 801-802, 66 S.E.2d 846, 849 (1951)).

> Proving intent by direct evidence often is impossible. Like any
> other element of a crime, it may be proved by circumstantial

> evidence, as long as such evidence excludes all reasonable hypotheses of innocence flowing from it. Circumstantial evidence of intent may include the conduct and statements of the alleged offender, and "the finder of fact may infer that [he] intends the natural and probable consequences of his acts."

Adams, 33 Va. App. at 470-71, 534 S.E.2d at 351 (quoting Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (*en banc*) (additional citations omitted)).

In Gilbert v. Commonwealth, 45 Va. App. 67, 608 S.E.2d 509 (2005), we affirmed appellant's conviction under Code § 18.2-57(C) for spitting on a law-enforcement officer. There, Gilbert, who throughout the encounter acted "in a rude, insolent or angry manner," "committed an act that involved physical contact and was deeply offensive." 45 Va. App. at 71, 608 S.E.2d at 512. In the case at bar, appellant contends that, unlike Gilbert, he "was cooperative and responsive to Thornton's directions and commands" and, therefore, his "act of urinating on the officer was accidental."

According to Officer Thornton, appellant remained coherent throughout their encounter and was, as appellant himself notes, cooperative and responsive. Officer Thornton was, therefore, highly surprised (to say the least) when he "felt some water on [his person]" and then "turned around" to see appellant "with his penis in his hands, urinating directly onto me and the steering wheel and dashboard." This occurred despite appellant's seat position, which was not even directly behind Officer Thornton. Appellant, although handcuffed, could move his hands in tandem and had the dexterity to unzip his fly, yet claimed the urination on Officer Thornton was an accident. Appellant did not require assistance getting out of the transport van upon arrival shortly thereafter at the jail. From all of this, the fact finder could infer that appellant had enough control over his faculties and movements to avoid urinating directly onto Thornton, if he

in fact could not avoid the urge to urinate.[1]  Therefore, the jury, as the sole arbiter of witness credibility, could quite reasonably reject appellant's claim that he accidentally urinated directly onto Officer Thornton while attempting to urinate on the side door of the van.

There is no question that urinating on another individual constitutes offensive physical contact.  We hold, therefore, that a reasonable fact finder could conclude that appellant intentionally urinated through the mesh screen and into the front seat directly onto Officer Thornton.  To hold otherwise in this present case would substitute this Court's judgment for that of the jury, the trier of fact.

CONCLUSION

The jury's verdict in this case was indeed not plainly wrong or without evidentiary support, and we, therefore, affirm appellant's conviction for assault and battery of a law-enforcement officer.

Affirmed.

---

[1] A reasonable fact finder could also have found that, if appellant had not intended to urinate on Officer Thornton, he could have simply urinated in his own pants, soiling himself instead of urinating on another individual.