COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judge Elder and Senior Judge Willis
Argued at Chesapeake, Virginia


TIFFANY ANNE HUBER

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1999-10-1                      JUDGE JERE M.H. WILLIS, JR.
                                                          OCTOBER 18, 2011
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                          Patricia L. West, Judge

        Taite A. Westendorf, Assistant Public Defender, for appellant.

        Donald E. Jeffrey, III, Senior Assistant Attorney General
        (Kenneth T. Cuccinelli, II, Attorney General, on brief), for
        appellee.


        On appeal from her bench trial conviction of attempted assault and battery of a law

enforcement officer in violation of Code §§ 18.2-26 and 18.2-57(C), Tiffany Anne Huber

contends "the crime of attempt assault and battery on a law enforcement officer does not exist

under Virginia law" and that the trial court erred in refusing to dismiss the charge.  She argues

that an assault is itself an attempt and that an attempt to commit assault is an attempt to commit

an attempt and is a logical absurdity.  Finding no error, we affirm the judgment of the trial court.

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

<hr>

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence proved that Officer Brandon Butler, wearing his uniform and displaying his badge, responded with another officer to a complaint of an illegally parked vehicle. Huber, one of several people in or around the vehicle, was yelling and intoxicated. Butler instructed Huber to calm down and warned her she would be arrested if her behavior continued. Huber remained calm for a short time, but then resumed yelling. When the officers attempted to arrest her, she resisted. After being handcuffed, she tried to kick Butler. After Butler placed Huber in the police car, she again tried to kick him.

Moving to strike the evidence, Huber's attorney argued:

> [W]hat she's really charged with is an attempt of an attempt, which is a legal impossibility. Therefore, it's a legally, defective indictment; and it should be dismissed on that ground alone; and this is again difficult to find case law on.

The trial court held that Huber was properly charged and denied her motion to strike.

In pertinent part, Code § 18.2-26 provides:

> Every person who attempts to commit an offense which is a noncapital felony shall be punished as follows:
>
> \*　　\*　　\*　　\*　　\*　　\*　　\*
>
> (3) If the felony attempted is punishable by a maximum punishment of less than twenty years imprisonment, an attempt thereat shall be punishable as a Class 6 felony.

In pertinent part, Code § 18.2-57(C) provides:

> [I]f any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is a law-enforcement officer as defined hereafter . . . engaged in the performance of his public duties as such, such person shall be guilty of a Class 6 felony . . . .

Huber contends she was convicted of attempted assault, an attempt to commit an attempt, an offense that is illogical and thus non-existent. However, Huber was not convicted of attempted assault. She was charged with and convicted of attempted assault and battery.

"The 'plain, obvious and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction.'" Brown v. Spotsylvania Dep't of Soc. Serv., 43 Va. App. 205, 216, 597 S.E.2d 214, 219 (quoting Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983)). "In interpreting the plain meaning of the statute, we strive to 'adopt that sense of the words which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the legislature.'" Paiz v. Commonwealth, 54 Va. App. 688, 694, 682 S.E.2d 71, 74 (2009) (quoting Tyszcenko v. Donatelli, 53 Va. App. 209, 216, 670 S.E.2d 49, 53 (2008)). Huber's argument that the application of Code § 18.2-26 to Code § 18.2-57 creates a legal absurdity that nullifies her conviction is based on a narrow definition of "assault." This interpretation is contrary to public policy. It would frustrate the legislature's plain intent to protect persons acting in their official capacity in the performance of their duties.

The evidence supports the finding that Huber tried to kick Butler when he and another police officer were taking her into custody and tried again while she was in the police vehicle. It proved that she intended to inflict physical harm on him, to commit assault and battery. See Gilbert v. Commonwealth, 45 Va. App. 67, 608 S.E.2d 509 (2005).

Accordingly, the trial court did not err in refusing to strike the evidence.

The judgment of the trial court is affirmed.

Affirmed.