COURT OF APPEALS OF VIRGINIA

Present:   Judges Russell, Athey and Senior Judge Frank
Argued at Hampton, Virginia

MATTHEW MONTRAIL MILLS, A/K/A
  MATHEW MONTRAIL MILLS
                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 0622-21-1                        JUDGE CLIFFORD L. ATHEY, JR.
                                                    MARCH 15, 2022
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
AND COUNTY OF JAMES CITY
Michael E. McGinty, Judge

> Paul Eric Freeman (Woodmere Law P.L.L.C., on brief), for
> appellant.
>
> Liam A. Curry, Assistant Attorney General (Mark R. Herring,[1]
> Attorney General, on brief), for appellee.

The trial court convicted Matthew Montrail Mills ("Mills") of three counts of assault and

battery on a law enforcement officer. He contends that the evidence was insufficient to prove the

requisite intent in support of his convictions. For the reasons that follow, we affirm the trial court.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v.*

*Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381

(2016)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Id.* at 473.

On June 21, 2020, employees of a deli summoned the police two separate times to report that Mills was "harassing" them. When Officer D. Roberts ("Roberts") arrived at the deli the second time, Mills was no longer there. Roberts subsequently located Mills outside of a nearby gas station following a new complaint that he had solicited a minor in the parking lot. When Officer P. Ray ("Ray") and Roberts exited their patrol vehicle, Mills initially began walking away from them, then began to run, ignoring their directives to stop. The officers continued to yell at him that he was "being detained," but Mills continued to run from them. Roberts and Ray pursued Mills on foot and subdued him, after taking Mills to the ground in a mulched flower bed.

Mills continued to refuse to comply with the officers' commands by lying on the ground and refusing to place his hands behind his back. As the officers attempted to handcuff Mills, he cursed at them and accused them of being "racists" and "devils." Finally, with the assistance of Officer Walker ("Walker") and a fourth officer, Roberts and Ray were able to handcuff Mills, turn him over, and place him a sitting position. Despite Walker warning Mills not to assault him or the other officers, Mills dug his fingernails into Walker's hand while the officers handcuffed him, leaving "impressions" on Walker's hand. Mills also spat on Walker and Ray as they attempted to "hold" him in a sitting position to prevent him from lying on the ground. Mills refused to stand or cooperate with the officers as they struggled to place him in their patrol vehicle. As he lay prone, the officers were forced to lift Mills off the ground before laying him in the back seat of the patrol car. While still swearing, Mills finally kicked Roberts in the mouth, injuring the officer's lip.

At trial, Mills denied that he intended to spit on Ray or Walker. Instead, Mills explained that he was spitting mulch from his mouth because the officers placed him face down on the

ground. He further testified that he had so much mulch in his mouth that he was choking. However, he admitted on cross-examination that the mulch in his mouth "didn't really stop [him] from engaging with the officers and yelling at them . . . before [he] spat on them." Video footage of the incident demonstrated that Mills first complained he could not "breathe" only after the officers informed him that he would be charged for spitting at them. The video footage also reflected that Mills was speaking without coughing immediately before he spat at the officers.

The trial court found that Mills was "clearly angry" and "utterly noncompliant" during his interactions with the police officers. The trial court also rejected the testimony that Mills was choking on mulch and having difficulty breathing. Since the intent element for assault and battery required only that the touching occur in an "angry or rude manner," the trial court concluded that the evidence was sufficient to prove that Mills was guilty of three separate counts of assault and battery on a law enforcement officer. This appeal followed.

ANALYSIS

Mills asserts that the evidence was insufficient to support his convictions because it failed to exclude all reasonable hypotheses of innocence that he either: "inadvertently sp[a]t onto Officers Ray and Walker while trying to spit the mulch and dirt out of his mouth"; "inadvertently scratched Officer Walker's hand as he struggled to wrest free and stop the pain he was experiencing"; and "accidentally struck Officer Roberts in the face" as he "kicked out blindly behind him inside the patrol car."

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "One of the tenets of Virginia's jurisprudence is that trial counsel must timely object with sufficient specificity to an alleged error at trial to preserve that error for appellate review." *Perry v. Commonwealth*, 58

Va. App. 655, 666 (2011). "Procedural-default principles require that the argument asserted on appeal be the same as the contemporaneous argument at trial." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "[N]either an appellant nor an appellate court should 'put a different twist on a question that is at odds with the question presented to the trial court.'" *Id.* (quoting *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)). "Of critical importance in this case is the principle that '[n]ot just any objection will do.'" *Jones v. Commonwealth*, 71 Va. App. 597, 606 (2020) (quoting *Bethea*, 297 Va. at 743). Instead, a trial court must be alerted to the precise issue to which a party objects. *See Kelly v. Commonwealth*, 42 Va. App. 347, 354 (2004).

Here, Mills never challenged the sufficiency of the evidence at trial on the basis that he inadvertently scratched Walker's hand. He argued only that he did not intend to spit on the officers because he was choking on mulch. "Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, [Mills] does not argue these exceptions and we will not invoke them *sua sponte*." *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010). Accordingly, we decline to consider his argument for the first time posited on appeal that the evidence was insufficient to prove that he assaulted Walker by scratching him. Rule 5A:18.

Although Mills also never argued directly to the trial court that he kicked Roberts accidentally, we conclude that this argument is properly before us because the trial court addressed it because it found that he was "angry" when the officers carried him to the patrol car where the kicking incident occurred. Further, because Mills argued below that the evidence failed to prove that he intentionally spat at Ray and Walker, he has preserved that argument for appeal.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (quoting *Commonwealth v.*

*Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). Instead, we ask "whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

Citing his own testimony, Mills contends that the evidence failed to exclude a rational hypothesis that he lacked the requisite intent with respect to Walker and Ray because he was choking on mulch when he spat at the officers. Further, without citing any supporting evidence, appellant contends that the evidence failed to exclude a rational hypothesis that he kicked "blindly" at Roberts as he was placed in the patrol car. We disagree.

To satisfy its burden of proof, the Commonwealth must exclude "every *reasonable* hypothesis of innocence, that is, those 'which flow from the evidence itself, and not from the imagination of defendant's counsel.'" *Tyler v. Commonwealth*, 254 Va. 162, 166 (1997) (quoting *Turner v. Commonwealth*, 218 Va. 141, 148 (1977)). This "reasonable hypothesis principle," however, "is not a discrete rule unto itself" and "does not add to the burden of proof placed upon the Commonwealth in a criminal case." *Vasquez v. Commonwealth*, 291 Va. 232, 249-50 (2016). The Commonwealth need not "negate what 'could have been' or what was a 'possibility.'" *Nelson v. Commonwealth*, 281 Va. 212, 217-18 (2011). Thus, while "a factfinder cannot 'arbitrarily' choose, as between two equally plausible interpretations of a fact, one that incriminates the defendant," an arbitrary choice occurs "only when no rational factfinder could

- 5 -

believe the incriminating interpretation of the evidence and disbelieve the exculpatory one." *Vasquez*, 291 Va. at 250. "When examining an alternate hypothesis of innocence, the question is not whether 'some evidence' supports the hypothesis, but whether a rational factfinder could have found that the incriminating evidence renders the hypothesis of innocence unreasonable." *Id.* (quoting *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003)).

"Assault and battery are common law crimes." *Montague v. Commonwealth*, 278 Va. 532, 541 (2009).[2] "[B]ecause the elements of assault are not statutorily defined, [courts] must apply the common law definition." *Clark v. Commonwealth*, 279 Va. 636, 641 (2010). "To sustain a conviction for battery, the Commonwealth must prove a 'wil[l]ful or unlawful touching' of another." *Parish v. Commonwealth*, 56 Va. App. 324, 330 (2010) (alteration in original) (quoting *Wood v. Commonwealth*, 149 Va. 401, 404 (1927)). A willful act is one that is "[v]oluntary and intentional, but not necessarily malicious." *Willful*, *Black's Law Dictionary* (11th ed. 2019). "The law is clear that '[t]he slightest touching of another . . . if done in a rude, insolent, or angry manner, constitutes a battery for which the law affords redress.'" *Kelley v. Commonwealth*, 69 Va. App. 617, 628 (2019) (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 469 (2000) (second alteration in original)). "In such circumstances, '[t]he unlawful intent may be imputed.'" *Id.* (quoting *Parish*, 56 Va. App. at 331). "Whether an act is done in a 'rude, insolent, or angry manner' is a finding of fact that this Court will not disturb on appeal unless the finding is plainly wrong or no evidence supports it." *Id.* at 628-29.

"Determining the credibility of witnesses . . . is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they

---

[2] The penalty for the offenses is set by statute. Code § 18.2-57(C) provides, in pertinent part, that "if any person commits an assault . . . against another knowing or having reason to know that such other person is a . . . law-enforcement officer . . ., engaged in the performance of his public duties anywhere in the Commonwealth, such person is guilty of a Class 6 felony."

testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (first alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). "When 'credibility issues have been resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong.'" *Towler v. Commonwealth*, 59 Va. App. 284, 291 (2011) (quoting *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991)). An "appellate court does not 'retry the facts,' reweigh the evidence, or make its own determination of the 'credibility of the witnesses.'" *Yahner v. Fire-X Corp.*, 70 Va. App. 265, 273 (2019) (quoting *Jeffreys v. Uninsured Employer's Fund*, 297 Va. 82, 87 (2019)). That deference applies even to factual findings regarding recordings, sometimes referred to as a "silent witness." *Donati v. Commonwealth*, 37 Va. App. 575, 581 (2002). As we have recognized, "[p]hotographs are 'an aid . . . in ascertaining the truth.'" *Bowman Apple Products Co., Inc. v. Commonwealth, State Water Control Bd.*, 50 Va. App. 383, 392 (2007) (quoting *Adams v. Ristine*, 138 Va. 273, 298 (1924)). "[A] video recording . . . provide[s] depictions of physical facts that present[] a . . . question [for the fact finder]." *Donati*, 37 Va. App. at 581.

"Intent is a factual determination, and a trial court's decision on the question of intent is accorded great deference on appeal and will not be reversed unless clearly erroneous." *Towler*, 59 Va. App. at 297. "Circumstantial evidence is as acceptable to prove guilt as direct evidence, and in some cases, such as proof of intent or knowledge, it is practically the only method of proof." *Abdo v. Commonwealth*, 64 Va. App. 468, 476 (2015) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion [of guilt].'" *Rams v. Commonwealth*, 70 Va. App. 12, 37 (2019) (quoting *Stamper v. Commonwealth*, 220 Va. 260, 273 (1979)).

Here, the trial court was permitted to reject Mills' self-serving testimony that he accidentally spat at the officers because he was choking on mulch and to further conclude that Mills was lying to conceal his guilt. *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011). The trial court was presented with video footage of the encounter between Mills and the officers, footage that depicted him fleeing from the officers, swearing at them, and refusing to cooperate with their commands. During the trial, the trial court stressed that it watched the footage "intently," and at the conclusion of the evidence, it found that Mills was "clearly angry" and "utterly noncompliant" when he interacted with the officers. The trial court correctly ruled that assault and battery requires proof of touching in an "angry or rude manner." *Kelley*, 69 Va. App. at 628.

Based on Mills' behavior before and during the spitting and kicking incidents, the circumstantial evidence was sufficient to support a rational finding that he spat and kicked at the officers with the requisite intent. *See Gilbert v. Commonwealth*, 45 Va. App. 67, 70-72 (2005) (requisite intent for assault and battery for spitting on a law enforcement officer established through defendant's obstreperous behavior before and during assault). Accordingly, the evidence was competent, credible, and sufficient to prove beyond a reasonable doubt that Mills was guilty of three counts of assault and battery on a law enforcement officer. We therefore affirm the three convictions.

*Affirmed.*