UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges O'Brien and Lorish

CHAL'LIA SHAREE JOHNSON

MEMORANDUM OPINION*
v.      Record No. 0918-22-3                                    PER CURIAM
                                                                JUNE 20, 2023
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Onzlee Ware, Judge

(Melvin L. Hill, on brief), for appellant. Appellant submitting on
brief.

(Jason S. Miyares, Attorney General; William K. Hamilton, Assistant
Attorney General, on brief), for appellee.


Following a bench trial, Chal'lia Sharee Johnson (appellant) was convicted of misdemeanor

assault and battery in violation of Code § 18.2-57. She challenges the sufficiency of the evidence

supporting her conviction. After examining the briefs and record, the panel unanimously holds that

oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a). Accordingly, we affirm.

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On May 11, 2021, appellant and her housemate, Taniqua Adams, were arguing and appellant threatened to have her pit bull attack Adams. A struggle ensued, and the dog "nicked" both Adams and her nine-year-old daughter. Adams called 911, and appellant threatened her with two "kitchen knives."

Roanoke City Police Officer Brittany Robinson arrived at the home, and when she knocked on the door, Adams's daughter answered and fled from the house. Adams exited a bedroom and followed her daughter outside. Appellant came out of the same bedroom, holding her pit bull by the neck.

Officer Robinson asked appellant "to put the dog up," but appellant refused. Officer Robinson, who had drawn her service weapon, warned that she would defend herself if the dog attacked. At that point, appellant secured the dog in a bedroom. Appellant gave Officer Robinson her name and a date of birth, but she refused to provide her social security number. When appellant continued to decline to provide her social security number, the officer informed her that she was under arrest for failing to identify herself.

Appellant, who was sitting on the floor, refused Officer Robinson's direction to stand and place her hands behind her back. With help from Officer William Frosell, Officer Robinson handcuffed appellant. Officer Robinson told appellant that she planned to take her to the officer's patrol car. Officer Robinson and Roanoke City Sheriff's Deputy Mulligan brought appellant from the house, and Officer Frosell followed them outside. As the two officers and appellant were coming down the front porch stairs, appellant swung her leg backwards into Officer Robinson's leg, causing all three of them to fall down the stairs onto the concrete sidewalk. Officer Robinson testified that appellant appeared to trip her intentionally. Officer Robinson stood and walked

appellant down the sidewalk toward the patrol car, but as she did so, appellant swung her leg back again, causing the officer to stumble a second time.

At trial, footage from Officer Robinson's body-worn camera depicting the incidents on the steps and on the sidewalk was played, but neither party admitted it as an exhibit. Officer Robinson testified that the footage showed her fall down the porch stairs and her stumble on the sidewalk after appellant kicked her. Officer Frosell, who witnessed the incident on the steps, testified that appellant kicked Officer Robinson, causing all the officers to "land[] hard on the sidewalk." Officer Frosell also saw appellant continuing to "kick at officers" as they walked her to the police car. Officer Frosell described appellant as "disorderly" and uncooperative during her interactions with the officers.

Appellant, testifying on her own behalf, admitted that she was "pretty belligerent with the officers" but denied kicking them. She maintained that her sock "caught" on something as she and the officers descended the porch steps, and she swung her leg as she tried to pull her sock on. Appellant denied that she fell down the steps or struck the ground, and she denied seeing Officer Robinson fall.

At the end of the case, appellant argued that the body-worn camera footage failed to show that the officers fell, consistent with her testimony that she stumbled when her sock "caught" on a nail. She reiterated that "she didn't kick and cause anybody to fall." The court disagreed, and found the evidence sufficient to convict appellant of assault and battery; however, it withheld entering a finding of guilt until appellant's sentencing hearing. At that hearing, the court noted that it had watched "the tapes several times" and "there's no doubt that as [appellant] was walking down the sidewalk, she kicked back at [Officer Robinson], which caused the officer to fall" and appellant also was attempting to "interfere" with her arrest. The court convicted appellant of assault and battery.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Appellant asserts that the evidence failed to prove that she intentionally tripped Officer Robinson on the porch steps.[1] She cites her testimony denying that she kicked Officer Robinson. Appellant stresses that the evidence is undisputed that she was wearing socks as she left the house and "[t]he only logical conclusion [is] . . . that [her] sock was caught in a nail or [a] piece of wood" and that "the fall" was caused by appellant's "attempt to put her sock back on her foot." Appellant contends that "the fall was accidental" rather than "the result of an intentional act."

---

[1] Although appellant cites her testimony denying that she "ever" kicked Officer Robinson, she does not expressly challenge the court's finding that she intentionally kicked Officer Robinson as the officer escorted her down the sidewalk, the principal basis cited by the court for its verdict. Thus, even assuming arguendo that appellant's argument regarding the incident on the steps had merit, her failure to contest both grounds for the court's decision precludes reversal of her conviction. *See Ferguson v. Stokes*, 287 Va. 446, 452 (2014) ("It is well-settled that a party who challenges the ruling of a lower court must on appeal assign error to each articulated basis for that ruling." (quoting *Manchester Oaks Homeowners Ass'n v. Batt*, 284 Va. 409, 421 (2012))).

To satisfy its burden of proof, the Commonwealth must exclude "every *reasonable* hypothesis of innocence, that is, those 'which flow from the evidence itself, and not from the imagination of defendant's counsel.'" *Tyler v. Commonwealth*, 254 Va. 162, 166 (1997) (quoting *Turner v. Commonwealth*, 218 Va. 141, 148 (1977)). This "reasonable-hypothesis principle," however, "is not a discrete rule unto itself" and "'does not add to the burden of proof placed upon the Commonwealth in a criminal case.'" *Vasquez*, 291 Va. at 249-50 (quoting *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003)). The Commonwealth need not "negate what 'could have been' or what was a 'possibility.'" *Nelson v. Commonwealth*, 281 Va. 212, 218 (2011). Thus, while "a factfinder cannot 'arbitrarily' choose, as between two equally plausible interpretations of a fact, one that incriminates the defendant," an arbitrary choice occurs "only when no rational factfinder could believe the incriminating interpretation of the evidence and disbelieve the exculpatory one." *Vasquez*, 291 Va. at 250. "When examining an alternate hypothesis of innocence, the question is not whether 'some evidence' supports the hypothesis, but whether a rational factfinder could have found that the incriminating evidence renders the hypothesis of innocence unreasonable." *Id.* (quoting *Hudson*, 265 Va. at 513).

"Assault and battery are common law crimes." *Montague v. Commonwealth*, 278 Va. 532, 541 (2009).[2] "[B]ecause the elements of assault are not statutorily defined, [courts] must apply the common law definition." *Clark v. Commonwealth*, 279 Va. 636, 641 (2010). "To sustain a conviction for battery, the Commonwealth must prove a 'wil[l]ful or unlawful touching' of another." *Parish v. Commonwealth*, 56 Va. App. 324, 330 (2010) (alteration in original) (quoting *Wood v. Commonwealth*, 149 Va. 401, 404 (1927)). A willful act is "[v]oluntary and intentional, but not necessarily malicious." *Willful*, *Black's Law Dictionary* (11th ed. 2019). "The law is clear

---

[2] The penalty for the offenses is set by statute. Code § 18.2-57(A) provides, in pertinent part, that "[a]ny person who commits a simple assault or assault and battery is guilty of a Class 1 misdemeanor[.]"

that '[t]he slightest touching of another . . . if done in a rude, insolent, or angry manner, constitutes a battery for which the law affords redress.'" *Kelley v. Commonwealth*, 69 Va. App. 617, 628 (2019) (alterations in original) (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 469 (2000)). "In such circumstances, '[t]he unlawful intent may be imputed.'" *Id.* (alteration in original) (quoting *Parish*, 56 Va. App. at 331). "Whether an act is done in a 'rude, insolent, or angry manner' is a finding of fact that this Court will not disturb on appeal unless the finding is plainly wrong or no evidence supports it." *Id.* at 628-29 (quoting *Parish*, 56 Va. App. at 331).

"Intent is a factual determination, and a [fact finder]'s decision on the question of intent is accorded great deference on appeal and will not be reversed unless clearly erroneous." *Towler v. Commonwealth*, 59 Va. App. 284, 297 (2011). "Circumstantial evidence is as acceptable to prove guilt as direct evidence, and in some cases, such as proof of intent or knowledge, it is practically the only method of proof." *Abdo v. Commonwealth*, 64 Va. App. 468, 476 (2015) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion [of guilt].'" *Rams v. Commonwealth*, 70 Va. App. 12, 37 (2019) (alteration in original) (quoting *Stamper v. Commonwealth*, 220 Va. 260, 273 (1979)).

"Determining the credibility of witnesses . . . is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (first alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). We give "deference to the fact finder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony." *Elliott v. Commonwealth*, 277 Va. 457, 462 (2009). An "appellate court does not 'retry the facts,' reweigh the evidence, or make its own determination of the 'credibility of [the] witnesses.'" *Yahner v.*

*Fire-X Corp.*, 70 Va. App. 265, 273 (2019) (alteration in original) (quoting *Jeffreys v. Uninsured Emp.'s Fund*, 297 Va. 82, 87 (2019)). Thus, we accept "the [fact finder]'s determination of the credibility of witness testimony unless, 'as a matter of law, the testimony is inherently incredible.'" *Nobrega v. Commonwealth*, 271 Va. 508, 518 (2006) (quoting *Walker v. Commonwealth*, 258 Va. 54, 70-71 (1999)). "Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Gerald v. Commonwealth*, 295 Va. 469, 487 (2018) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).

Here, a rational fact finder could reject appellant's self-serving denial that she kicked the officer and conclude that she was lying to conceal her guilt. *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011). Although the footage of the incidents is not part of the record, the record does include Officer Robinson's summary of the footage, including her testimony that appellant tripped her twice, once on the stairs and once on the sidewalk. Officer Frosell corroborated Officer Robinson's testimony. Appellant herself also admitted that she was "pretty belligerent with the officers." Viewed as a whole, the evidence was sufficient to support the court's finding that appellant intentionally kicked Officer Robinson in an "angry" or "rude manner." *Kelley*, 69 Va. App. at 628. Even without the body-worn camera footage of the incident, appellant's belligerent behavior before and during the officers' attempt to handcuff her, coupled with Officer Robinson's testimony that appellant kicked her twice, was sufficient to support the court's finding that appellant kicked Officer Robinson on the sidewalk with the requisite intent. *See Gilbert v. Commonwealth*, 45 Va. App. 67, 70-72 (2005) (requisite intent for assault and battery for spitting on a law enforcement officer established through defendant's obstreperous behavior before and during assault). The evidence was therefore competent, credible, and sufficient to prove beyond a

reasonable doubt that appellant was guilty of misdemeanor assault and battery in violation of Code § 18.2-57.

CONCLUSION

For these reasons, the circuit court's judgment is affirmed.

*Affirmed.*