COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, Causey and Chaney


SINCERE OMARI COGDELL

v.        Record No. 0718-24-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 16, 2025


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Gary A. Mills, Judge

(Jason A.S. Drake, Assistant Public Defender,[1] on brief), for
appellant.

(Jason S. Miyares, Attorney General; Suzanne Seidel Richmond,
Assistant Attorney General, on brief), for appellee.


Sincere Omari Cogdell ("Cogdell") was convicted of assault and battery of a law

enforcement officer in violation of Code § 18.2-57 following a jury trial held in the Circuit Court of

the City of Newport News ("trial court"). The jury subsequently sentenced Cogdell to six months'

incarceration. On appeal, Cogdell assigns error to the trial court's denial of his motion to strike

based on his contention that the Commonwealth failed to prove that he intended to cause bodily

harm to the victim. For the following reasons, we affirm.[2] However, we remand for the correction

of a clerical error in the amended sentencing order.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] On February 25, 2025, this Court received notice that Jason A.S. Drake would no longer
be employed by the Newport News Public Defender's Office, effective February 26, 2025, and
that Nicholas J. Medved would be listed as counsel of record.

[2] Having examined the briefs and record in this case, the panel unanimously agrees that
oral argument is unnecessary because "the appeal is wholly without merit." *See* Code
§ 17.1-403(ii)(a); Rule 5A:27(a).

I. Background[3]

On June 11, 2023, Officers Edwardo Ruiz ("Officer Ruiz") and Heaven Aguilar-Akers ("Officer Aguilar-Akers"), of the Newport News Police Department, responded to a disturbance involving Cogdell and Amiya Jones ("Jones"), who is the mother of Cogdell's child. When police arrived, Cogdell was standing in the street outside of his residence. He appeared "agitated, and he was yelling profane language" at Jones from across the street. Officer Ruiz ordered Cogdell into his residence twice and further advised Cogdell that if he did not comply, he would be charged with disorderly conduct. Eventually, Officer Aguilar-Akers observed Cogdell "clench his fist, shift his weight, and start at a high rate of speed towards . . . Jones." Officer Ruiz, "reading [Cogdell's] body language," concluded that Cogdell was likely attempting to harm Jones. In response, Officer Ruiz and another officer intervened to apprehend Cogdell by placing him under arrest for disorderly conduct. Cogdell was subsequently escorted to the police cruiser, but before reaching the police cruiser, he began "thrashing his shoulders and trying to break free." As a result, the officers took Cogdell to the ground, which caused a gash to Cogdell's forehead that began bleeding. As the officers continued trying to place Cogdell in the police cruiser, he began shouting expletives.

After being placed in the backseat of the police cruiser, Cogdell began "thrashing, kicking, and rocking the car." Officers also observed him repeatedly spitting, which prompted them to consider placing a "spit sock" over Cogdell's head. Ultimately, the officers decided not to do so. However, after Cogdell continued to thrash, kick, and scream in backseat of the police cruiser, the officers decided to place him in a "kick stop"—a type of restraint used to prevent an individual in

---

[3] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). Accordingly, "we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

custody from hurting himself or others, or damaging property. The kick stop "refrains movement from both your legs and your arms." When Officer Aguilar-Akers subsequently opened the door of the police cruiser to take out the kick stop, she advised Cogdell to "stop kicking." Cogdell immediately shouted back, "Shut up, bitch." After officers were able to restrain Cogdell with the kick stop, they placed him back in the back seat of the police cruiser where he continued to yell and spit. Officers requested medical personnel to treat the gash on Cogdell's forehead. However, Cogdell refused treatment when the medical personnel arrived.

While officers and medics stood near the police cruiser discussing the incident, Cogdell began spitting through the partially opened rear window of the police cruiser. He first spat in the direction of one of the medics, who subsequently "backed away." As another officer attempted to roll up the window, Cogdell spat approximately five to six feet onto Officer Aguilar-Akers's protective vest. Officer Aguilar-Akers's body-worn-camera footage entered in evidence captured the spittle as it flew through the air toward her, and a photograph of Officer Aguilar-Akers's vest also entered in evidence depicted a large, white mass of spittle, which Officer Aguilar-Akers characterized as "golf ball size."

At trial, Officers Ruiz and Aguilar-Akers testified to these events in support of the Commonwealth's case in chief, and body-worn-camera footage depicting the officers' interactions with Cogdell was entered in evidence. At the conclusion of the Commonwealth's case in chief, Cogdell moved to strike, contending that the Commonwealth's evidence was insufficient to prove that he had acted with the intent to cause bodily harm to Officer Aguilar-Akers. Cogdell also asserted that Officer Aguilar-Akers was no longer engaged in official duties because the officers lacked probable cause to arrest Cogdell for disorderly conduct, and as such, she should not have been considered a law enforcement officer "engaged in public duties" for the purposes of Code § 18.2-57(C). The trial court denied the motion to strike and also denied Cogdell's renewed motion

to strike after he declined to present any evidence on his behalf. Following jury instructions and closing arguments, the jury retired to deliberate. The jury subsequently returned its verdict finding Cogdell guilty of assault and battery of a law enforcement officer and later sentenced him to six months' incarceration.[4] Cogdell appealed.

## II. ANALYSIS

### A. *Standard of Review*

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). "Thus, 'it is not for this [C]ourt to say that the evidence does or does not establish [the defendant's] guilt beyond a reasonable doubt because as an original proposition it might have reached a different conclusion.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (alterations in original) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)). "The only 'relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)). "Whether an alternate hypothesis of innocence is

---

[4] The amended sentencing order states that Cogdell was sentenced to six months' incarceration "for [u]nlawful [w]ounding." But the record establishes that Cogdell was indicted for and convicted of assault and battery of a law enforcement officer. We therefore remand the case to the trial court for the sole purpose of correcting the clerical error in the sentencing order. *See* Code § 8.01-428(B); *Bagley v. Commonwealth*, 73 Va. App. 1, 30 n.10 (2021).

reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." *Fary v. Commonwealth*, 77 Va. App. 331, 344 (2023) (en banc) (quoting *Lucas v. Commonwealth*, 75 Va. App. 334, 348 (2022)).

B. *The evidence was sufficient to establish that Cogdell intended to cause bodily harm.*

On appeal, Cogdell argues that he lacked the requisite intent to cause bodily harm when he spat on Officer Aguilar-Akers, and thus, the evidence was insufficient to support his conviction. We disagree.

"The crime of assault and the crime of battery are independent criminal acts, although they are linked in Code § 18.2-57." *Parish v. Commonwealth*, 56 Va. App. 324, 329 (2010). "Virginia has merged the common law crime with the common law tort of assault." *Clark v. Commonwealth*, 279 Va. 636, 641 (2010). Hence,

> a common law assault "occurs when an assailant engages in an overt act intended to inflict bodily harm and has the present ability to inflict such harm *or* engages in an overt act intended to place the victim in fear or apprehension of bodily harm and creates such reasonable fear or apprehension in the victim."

*Id.* (quoting *Carter v. Commonwealth*, 269 Va. 44, 47 (2005)).

"To sustain a conviction for battery, the Commonwealth must prove a 'wil[l]ful or unlawful touching' of another." *Parish*, 56 Va. App. at 330 (alteration in original) (quoting *Wood v. Commonwealth*, 149 Va. 401, 404 (1927)). "At common law, any touching 'in anger, without lawful provocation,' however slight, including 'spitting in a man's face,' was sufficient to support a battery conviction." *Gilbert v. Commonwealth*, 45 Va. App. 67, 70 (2005) (quoting *Hardy v. Commonwealth*, 58 Va. (17 Gratt.) 592, 601 (1867)). "Whether a touching is a battery depends on the intent of the actor, not on the force applied." *Adams v. Commonwealth*, 33 Va. App. 463, 468 (2000). "[T]he slightest touching of another . . . if done in a rude, insolent or angry manner, constitutes a battery for which the law affords redress." *Gilbert*, 45 Va. App. at

- 5 -

71 (alterations in original) (quoting *Crosswhite v. Barnes*, 139 Va. 471, 477 (1924)). "[A] perpetrator need not inflict a physical injury to commit a battery." *Id.* Infliction of bodily harm may be established by the commission of "an act that involve[s] physical contact and [i]s deeply offensive," such as spitting on another. *Id.*

"One cannot be convicted of assault and battery 'without an intention to do bodily harm—either an actual intention or an intention imputed by law.'" *Parish*, 56 Va. App. at 330 (quoting *Adams*, 33 Va. App. at 468).

> [P]roving intent by direct evidence often is impossible. Like any other element of a crime, it may be proved by circumstantial evidence, as long as such evidence excludes all reasonable hypotheses of innocence flowing from it. Circumstantial evidence of intent may include the conduct and statements of the alleged offender, and "[t]he finder of fact may infer that [he] intends the natural and probable consequences of his acts."

*Gilbert*, 45 Va. App. at 71 (second and third alterations in original) (quoting *Adams*, 33 Va. App. at 71). "The unlawful intent may be imputed if the touching is 'done in a rude, insolent, or angry manner.'" *Parish*, 56 Va. App. at 331 (quoting *Adams*, 33 Va. App. at 469). "Whether an act is done in a 'rude, insolent, or angry manner' is a finding of fact that this Court will not disturb on appeal unless the finding is plainly wrong or no evidence supports it." *Kelley v. Commonwealth*, 69 Va. App. 617, 628-29 (2019).

As a preliminary matter, Cogdell acknowledges that this Court has "found intent to cause bodily harm in cases involving spit and other ejecta." However, he asserts that we have done so "on the premise that the defendants' conduct was offensive or done in a rude, insolent, or angry manner—considerations that should instead be confined to the determination of whether a battery, not an assault, has occurred." Assuming without deciding that this argument is properly before us, we find it unpersuasive. To be sure, whether a touching is done in a rude, insolent, or angry manner is a consideration for whether a battery has occurred. *See Gilbert*, 45 Va. App. at

- 6 -

But we see no reason why it is not also relevant to determining whether an assailant intended to cause bodily harm. The crimes of assault and battery are "linked" in Code § 18.2-57, and "[o]ne cannot be convicted of assault and battery 'without an intention to do bodily harm.'" *Parish*, 56 Va. App. at 330 (quoting *Adams*, 33 Va. App. at 468). Intent to cause bodily harm may—and often must—be proved by circumstantial evidence. *See Gilbert*, 45 Va. App. at 71. Such circumstantial evidence "may include the conduct and statements of the alleged offender." *Id.* Rude, insolent, or angry conduct is probative circumstantial evidence of intent; so too are statements made in a rude, insolent, or angry manner. *See Clark*, 279 Va. at 642 ("Words and prior conduct are highly relevant in shedding light on intent and the context within which certain actions transpired."). It follows, then, that the ultimate act of touching, if done in a rude, insolent, or angry manner, is also circumstantially indicative of intent. *See id.* ("A perpetrator's intent may be inferred from the nature of the overt act and the surrounding circumstances.").

Here, a rational juror could have found that Cogdell possessed the intent to inflict bodily harm when he spat on Officer Aguilar-Akers. The evidence showed that Cogdell became incensed over his arrest and began screaming and protesting with such violence that officers felt they had to place Cogdell in a "kick stop." He also verbally assailed the officers as he was being placed into the police cruiser and later called Officer Aguilar-Akers a "bitch." Even after officers further restrained Cogdell and placed him back in the police cruiser, he continued to behave belligerently. Officers, having observed Cogdell spit in the direction of one of the medics at the scene, decided that they should roll the window up. Before they could do so, Cogdell spat again, striking Officer Aguilar-Akers, whom he had previously insulted, and who was standing several feet from the vehicle. Based upon these facts, it is reasonable for a factfinder to conclude that Cogdell spat on Officer Aguilar-Akers in a "rude, insolent, or angry manner." *Parish*, 56 Va. App. at 331 (quoting *Adams*, 33 Va. App. at 469).

Cogdell also claims in the alternative that the evidence demonstrates his lack of intent to do bodily harm because he possessed an "alternative motive to spit out the window" given that blood was "running down his face and into his mouth." He also emphasizes that he did not "avail[] himself of one of the many opportunities [the officers] presented him with to spit directly at them while in close proximity." However, the jury reasonably rejected these alternative hypotheses of innocence, and we cannot say that it was "plainly wrong" to do so. *Fary*, 77 Va. App. at 344.

Hence, based on Cogdell's "conduct and statements," *Gilbert*, 45 Va. App. at 71, a rational juror could have concluded that the circumstantial evidence in this case established his intent to harm Officer Aguilar-Akers. Thus, we cannot conclude that the verdict was plainly wrong or without evidence to support it. Accordingly, we find no error in the trial court's denial of Cogdell's motion to strike.

III. CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed, and the case is remanded to the trial court for the correction of a clerical error in the amended sentencing order.

*Affirmed and remanded.*